Rachel E. Kaufman (CSB# 259353)
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>HEINSOHN INS AGENCY LLC, a Texas company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Asher Bronstin ("Plaintiff Bronstin" or "Bronstin") brings this Class Action Complaint and Demand for Jury Trial against Defendant Heinsohn Ins Agency LLC ("Defendant" or "Heinsohn") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls and text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Bronstin alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Bronstin is an individual and natural person.

2. Defendant Heinsohn is a Texas registered company located in Rhome, Texas. Defendant Heinsohn conducts business throughout Texas and including in this District.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this case occurred in this District, which is where the Plaintiff resided and received the unlawful calls at issue.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain

for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2026 alone, at a rate of 125.2 million per day. www.robocallindex.com (last visited February 22, 2026).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Heinsohn Ins Agency operates a Farmers Insurance franchise that provides insurance solutions to consumers.[3]

15. Heinsohn Ins Agency places calls and sends telemarketing solicitation text messages to generate business.

16. Unfortunately, some of the calls and text messages that Heinsohn Ins Agency sends are sent to consumers' phone numbers that are registered on the DNC, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://agents.farmers.com/tx/rhome/yolanda-heinsohn/

17. In response to these calls and text messages, Plaintiff Bronstin brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA and award of statutory damages to the members of the Class and costs.

## PLAINTIFF BRONSTIN'S ALLEGATIONS

18. Plaintiff Bronstin was the sole owner and exclusive user of his cell phone number ending in 8793 until August 11, 2025.

19. Plaintiff Bronstin registered his cell phone number on the DNC on January 18, 2025.

20. Plaintiff Bronstin used his cell phone number for personal use only as one would use a landline telephone number in a home.

21. Plaintiff Bronstin used his cell phone number primarily to communicate with friends and family. It was also used to schedule personal appointments and for other household needs.

22. Plaintiff Bronstin paid for his cell phone plan. It was not reimbursed by a business.

23. Plaintiff Bronstin has never had this cell phone number associated with a business.

24. This phone number was not used in any business or marketing materials.

25. Plaintiff Bronstin has never listed his cell phone number publicly as a business contact number.

26. Plaintiff Bronstin resided in the Central District of California at the time he received the following calls.

27. On June 10, 2024 at 2:07 PM, Plaintiff Bronstin received an unsolicited call to his cell phone from 817-725-8022.

28. When Plaintiff Bronstin answered this call, an employee asked if they were speaking to somebody named Jan.

29. Plaintiff Bronstin let the employee know that he is not Jan and that the employee was calling the wrong number.

30. Plaintiff does not know who Jan is.

31. The call was then ended.

32. 817-725-8022 is the main contact number for Heinsohn:



[4]

[4] https://agents.farmers.com/tx/rhome/yolanda-heinsohn/

33. On April 22, 2025 at 2:39 PM, Plaintiff Bronstin received an unsolicited text message to his cell phone from 844-750-0515:




34. The text message clearly states that it was sent by Dalton from Farmers, and it's a solicitation for an auto insurance quote.

35. On May 6, 2025 at 2:24 PM, Plaintiff Bronstin received a 2nd unsolicited text message to his cell phone from 844-750-0515:




36. Plaintiff Bronstin wanted to confirm who Dalton is and who he works for, so he called Dalton using a different cell phone number and feigned interest so Dalton would confirm the company he represented.

37. After the aforementioned call, Plaintiff received an email from Dalton Anderson a Sales Representative at Heinsohn:

**Farmers Auto and Renters Quote**
1 message

**Dalton Anderson** <dalton.yheinsohn@farmersagency.com>
To: [redacted]

Hey Ash,

I have attached the renters and auto quotes that we talked about.

The Auto came out to $201.66/M
The Renters came out to $9.67/M

Please let me know if you have any questions or would like me to adjust any of the coverages.

I did also want to ask if you are military, because that would also bring both the auto and the renters down a decent bit.

*Dalton Anderson*
Sales Representative
Yolanda Heinsohn Agency
101 N Main St. Ste 200, Rhome, TX 76078
Office: 817-725-8022




Contact Me | Auto-Home-Life | Business

38. On May 14, 2025 at 1:05 PM, Plaintiff Bronstin received a call from phone number 817-725-8022.

39. This call was not answered.

40. Plaintiff Bronstin has never done business with Heinsohn or consented to be contacted by them prior to receiving a call and text messages from Heinsohn.

41. The unauthorized solicitation call and text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Bronstin in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

42. Seeking redress for these injuries, Plaintiff Bronstin, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

43. Plaintiff Bronstin brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Heinsohn called and/or texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called/texted Plaintiff.

44. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Bronstin anticipates the need to amend the Class definitions following appropriate discovery.

45. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

46. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Heinsohn placed multiple calls/text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call and/or text message;

(b) whether the calls/text messages constitute a violation of the TCPA;

(c) whether members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. **Adequate Representation**: Plaintiff Bronstin will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Bronstin has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Bronstin and his counsel are committed to vigorously prosecuting

this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Bronstin nor his counsel have any interest adverse to the Class.

48. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Bronstin. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CAUSE OF ACTION</u>**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Bronstin and the Do Not Call Registry Class)**

49. Plaintiff repeats and realleges paragraphs 1-48 of this Complaint and incorporates them by reference herein.

50. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

52. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Bronstin and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of

persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Bronstin and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

54. As a result of Defendant's conduct as alleged herein, Plaintiff Bronstin and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

55. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA:

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Bronstin requests a jury trial.

**ASHER BRONSTIN**, individually and on behalf of all others similarly situated,

DATED this 11th day of June, 2026.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*